UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL M. MARIN, | : | CIVIL NO: 1:14-CV-01523 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| JOE SCHMIDER, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendant. | : | |

## ORDER
May 7, 2015

**IT IS ORDERED** that Marin's motion (*Doc.* 33) to file a second amended complaint is **DENIED** without prejudice for his failure to comply with Local Rules 7.1 & 15.1.  *See also, Sanders v. Beard*, No. 09–CV–1384, 2010 WL 2853113 (M.D. Pa. July 20, 2010) (providing that *pro se* parties "are not excused from complying with court orders and the local rules of court"); *Thomas v. Norris*, No. 02–CV–01854, 2006 WL 2590488 (M.D. Pa. Sept. 8, 2006) (providing that *pro se* parties must follow the Federal Rules of Civil Procedure).  While denied without prejudice, Marin shall **not** file any further motions to amend until an **order** is issued on Schimder's motion to dismiss, assuming any of the present claims survive or are otherwise dismissed without prejudice.

**IT IS ALSO ORDERED** that Marin's miscellaneous motion (*Doc.* 22) is **DENIED**. To that end, Marin asks this Court to take judicial notice of, and accept as true, exhibits filed in a Federal lawsuit, in the United States District Court for the Western District of Pennsylvania. In that other lawsuit, Marin is the plaintiff against different defendants. According to Marin, the exhibits he wants judicially noticed include his EMT application and an affidavit from Schmider. *See Doc.* 23 at 1. Such a request, however, is premature at this stage of the proceedings since no evidence is needed to overcome Schmider's pending motion to dismiss.[1] As well, "[t]aking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001)(declining on appeal to judicially notice meeting minutes that were filed in a separate action, involving separate parties, in a different court); *see also,* Fed.R.Evid. 201(b), 1972 Advisory Committee Notes ("[The tradition [of judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy."); *Lum v. Bank of America*, 361 F.3d 217, 221 n. 3 (3d Cir. 2004)(noting that, under the Rule

---

[1] Marin construes Schmider's dismissal motion as one for summary judgment in that unpublished opinions are attached as "exhibits" to the motion. His construction, however, is erroneous since it is readily apparent that Schmider solely relies on those unpublished opinions for their legal conclusions, not the factual conclusions, and to make the Court aware of the existence of those cases. *See Doc.* 16; *Doc.* 31 at 10-12. Moreover, Local Rule 7.8(a), generally, requires parties to include on the Docket any unpublished opinions relied upon in support of a motion.

12(b)(6) legal standard, the District Court improperly took judicial notice of plaintiff's deposition testimony in a prior proceeding).

Lastly, in the same motion for miscellaneous relief, Marin asks this Court to seal documents containing sensitive information such as his social security number. Those documents are presumed to be the same ones he wants the Court to judicially notice. Since there are no such documents in the current record containing sensitive information about Marin, the issue is moot.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
