IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MEL M. MARIN, :
    Plaintiff : No. 1:14-cv-01523
:
    v. : (Judge Kane)
:
JOE SCHMIDER, : (Magistrate Judge Schwab)
    Defendant :

## MEMORANDUM

Before the Court is the Report and Recommendation of Magistrate Judge Schwab, recommending that Defendant's motion to dismiss be granted in part and denied in part. (Doc. No. 47.) Upon review of the amended complaint, the Report and Recommendation, Plaintiff's objections, and Defendant's objections thereto, the Court will adopt the Report and Recommendation in its entirety.

**I. BACKGROUND**

The case derives from a third party's refusal to process Plaintiff Mel M. Marin's emergency medical technician ("EMT") license application. (Doc. No. 6 ¶¶ 5-9, 12-14.) On December 1, 2010, Plaintiff submitted an EMT license application to a local office in Meadville, Pennsylvania and did not provide his social security number as required on the application form. (See id.) Officials refused to process Plaintiff's application without a social security number. (See id. ¶ 6.) Plaintiff filed a lawsuit against those Meadville officials in the Western District of Pennsylvania on July 20, 2011.[1] (Id. ¶ 5.)

On or about December 28, 2012, Plaintiff asked Defendant Joe Schmider, then-director of Pennsylvania Department of Health, Bureau of Emergency Medical Services ("EMS"), to lift

---

[1] Defendant attached the Marin v. McClincy decision to Defendant's motion to dismiss. (Doc. No. 16-3); Marin v. McClincy, 15 F. Supp. 3d 602, 608 (W.D. Pa. 2014).

1

the "hold" on Plaintiff's EMT application. (Doc. Nos. 6 ¶¶ 3, 8; 16 at 7.) Plaintiff notified Defendant that Plaintiff had submitted a copy of his prior, California EMT application that included his social security number. (Doc. No. 6 ¶¶ 7-8.) Plaintiff alleges that Defendant "refused to direct any local office to process" Plaintiff's EMT application despite submitting the prior, California EMT application. (Id. ¶¶ 8-9, 13-14.) On August 4, 2014, Plaintiff commenced this separate Section 1983 action against Defendant (Doc. No. 1), and amended the complaint on August 15, 2014 (Doc. No. 6). Plaintiff contends that Defendant's refusal is an "intentional and malicious effort to retaliate" against Plaintiff for bringing a claim against state officials in the Western District of Pennsylvania. (Id. ¶ 15.)

Thereafter, Defendant filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15.) Magistrate Judge Schwab issued a Report and Recommendation on May 26, 2015 and recommends that the Court: (1) grant Defendant's motion as to Plaintiff's "tortious interference with career" claim and Plaintiff's "procedural due process claim premised upon an asserted property interest in an EMT license;" (2) deny Defendant's motion to dismiss in all other respects; (3) deny Plaintiff's request to have the "the pending motion construed as one for summary judgment and also denied as premature;" and (4) "withhold any ruling on the pleading sufficiency of [Plaintiff's] substantive due process claim …." (Doc. No. 47 at 16, 21-22.)

On June 8, 2015, Defendant filed objections to the Report and Recommendation. (Doc. No. 49.) Plaintiff filed objections on July 14, 2015 (Doc. No. 54), and Defendant thereafter filed a response to Plaintiff's objections (Doc. No. 56). The Court addresses Plaintiff's objections and Defendant's response in turn.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief."

3

See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).[2]

## III. DISCUSSION

As construed by Magistrate Judge Schwab, Plaintiff's amended complaint includes a First Amendment retaliation claim, a state-law claim for "tortious interference with career," a substantive due process claim, and a procedural due process claim "premised upon an asserted property interest in an EMT license." (Doc. No. 47 at 8, 22.)

### A. First Amendment Retaliation

Defendant moves to dismiss Plaintiff's First Amendment retaliation claim on the grounds that Plaintiff's "bald and conclusory statement[]" of retaliation fails to state a claim upon which relief can be granted. (See Doc. No. 16 at 13-14 n.4.) Magistrate Judge Schwab recommends that the Court deny Defendant's motion to dismiss Plaintiff's First Amendment retaliation claim. (Doc. No. 47 at 12, 22.)

Defendant objects and contends that Magistrate Judge Schwab "erred in finding" a First Amendment retaliation claim.[3] (Doc. No. 49 ¶ 3.) Defendant argues that Plaintiff "failed to separately allege a First Amendment claim" and "nowhere mention[ed] the First Amendment" in the amended complaint. (Doc. No. 50 at 4-6.) The Court finds this objection unpersuasive. Because Plaintiff is a pro se litigant, the Court must read his pleadings liberally and apply "the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." Holley v. Dep't of

---

[2] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

[3] Plaintiff does not object to Magistrate Judge Schwab's construction of a First Amendment claim. (See Doc. No. 54 at 8-9.)

Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999); see Bangura v. Elwyn, Inc., 461 F. App'x 87, 88 (3d Cir. 2012) (internal citations omitted).

Defendant also objects on the ground that, even if Plaintiff raised a First Amendment retaliation claim, Plaintiff's First Amendment retaliation claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[4] (Doc. Nos. 49 ¶ 4; 50 at 7-10.) The Court disagrees. As Magistrate Judge Schwab noted, to state a prima facie claim for First Amendment retaliation, a "plaintiff must allege: '(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.'" Willson v. Yerke, 604 F. App'x 149, 151 (3d Cir. 2015) (internal citations omitted). The Court addresses each element of the First Amendment retaliation claim in turn.

First, the "filing of a lawsuit" generally "satisfies the constitutionally protected conduct prong of a retaliation claim." Clay v. Overmyer, No. 14-103, 2015 WL 630379, at *4 (W.D. Pa. Feb. 13, 2015); see also DeFranco v. Wolfe, 387 F. App'x 147, 157 (3d Cir. 2010) (stating that

---

[4] In support of his objection, Defendant cites Marin v. McClincy, which dismisses Plaintiff's Western District of Pennsylvania lawsuit on a motion for summary judgment. (Doc. No. 50 at 8-9.) In Marin v. McClincy, Judge Cercone of the Western District of Pennsylvania found:
> Plaintiff refused to fill out a required portion of the [EMT] application. Accordingly, defendants were not able to process his incomplete application. Any temporal proximity between plaintiff's alleged complaints to the Bureau of EMS and defendants' refusal to process an incomplete application is insufficient to establish a causal link. In other words, there is nothing beyond mere speculation to support the proposition that defendants were motivated by something other than their need to comply with the directives of the Bureau.

15 F. Supp. 3d 602, 611 (W.D. Pa. 2014). However, for purposes the pending motion, Marin v. McClincy is distinguishable because of the procedural posture of this case, the fact that Defendant Joe Schmider was not a party in Marin v. McClincy, and Plaintiff's allegation that "EMS offices covering Pittsburgh and Harrisburg informed [Plaintiff] that they would also refuse to process his EMT application even if they have [Plaintiff's] social security number unless the director of the state office, this [Defendant], allowed them to do it." (Doc. No. 6. ¶12.)

there is "no doubt that filing a lawsuit is constitutionally protected conduct" for purposes of a retaliatory transfer claim). Here, Plaintiff alleges that Defendant's refusal to direct a local office to process Plaintiff's EMT application "was an intentional and malicious effort to retaliate against [Plaintiff] for his filing of a federal law suit [sic] against state officials … [and for] daring to come to court to enforce his rights." (Doc. No. 6 ¶ 15.) Therefore, Plaintiff has sufficiently alleged "constitutionally protected conduct."

Second, the Third Circuit recognizes "that the loss of employment opportunities may qualify" as a retaliatory action "sufficient to deter a person of ordinary firmness from exercising his constitutional rights." See Mack v. Yost, 427 F. App'x 70, 73 (3d Cir. 2011); see also Justice v. Danberg, 571 F. Supp. 2d 602, 605 (D. Del. 2008) (concluding that the intentional misplacement of plaintiff's application for promotion in retaliation for his union activities constituted an "adverse employment action"). Here, Plaintiff alleges that Defendant has refused to direct a local office to process Plaintiff's EMT application and refused to lift the "hold" on Plaintiff's EMT application. (See id. ¶¶ 3, 8-11, 14.) Therefore, Plaintiff has sufficiently alleged a "retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights."

Third, the required "causal link" can be shown by "either (1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."[5] Arneault v. O'Toole, 513 F. App'x 195, 198 (3d Cir. 2013) (quoting Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)). Here, Plaintiff alleges that, since December 2012, Defendant (1) was aware of the

---

[5] "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." DeFlaminis, 480 F.3d at 267 (internal citations omitted).

Western District of Pennsylvania lawsuit; (2) knew Plaintiff submitted his social security number via the California EMT application; (3) ignored Plaintiff's repeated written requests to process the EMT application; (4) "had the power to direct the local office to process the EMT application;" and (5) repeatedly refused to process the EMT application because Plaintiff filed the Western District of Pennsylvania lawsuit against state officials. (See Doc. No. 6 ¶¶ 5-15.) Plaintiff also alleges that "EMS offices covering Pittsburgh and Harrisburg informed [Plaintiff] that they would also refuse to process his EMT application even if they have [Plaintiff's] social security number unless the director of the state office, this [Defendant], allowed them to do it." (See id. ¶ 12.)

At this juncture, the Court is obligated to draw all reasonable inferences in Plaintiff's favor with regard to whether Plaintiff has adequately alleged the required "causal link." Construing the allegations in Plaintiff's favor, Plaintiff's allegations raise an inference that Defendant was aware of the Western District of Pennsylvania lawsuit and that the lawsuit was a factor in refusing to allow Plaintiff's EMT application to be processed.[6] See Cooper v. Menges, 541 F. App'x 228, 232 (3d Cir. 2013) ("The defendant must be aware of the protected conduct in order to establish the requisite causal connection."); Wadhwa v. Shinseki, No. 10-5094, 2012 WL 1578427, at *3 (E.D. Pa. May 7, 2012). Therefore, these factual allegations are sufficient to

---

[6] The Third Circuit has held that two days between a protected activity and an adverse action is "unusually suggestive" of retaliatory motive, but that three months is not. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007); Krouse v. Am. Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997). Here, Plaintiff filed suit in the Western District of Pennsylvania on July 20, 2011, notified Defendant that there was "no reason to delay [P]laintiff s EMT application" on or about December 28, 2012, and filed this action on August 4, 2014. (Doc. Nos. 1, 6.) Accordingly, the temporal proximity between the protected activity and the allegedly retaliatory action is not unusually suggestive here. See Perna v. Twp. of Montclair, 409 F. App'x 581, 584 (3d Cir. 2011). However, the "mere passage of time is not legally conclusive proof against retaliation." Robinson v. Se. Pa. Transp. Auth., Red Arrow Div., 982 F.2d 892, 894 (3d Cir. 1993).

raise the inference of a "causal link" between the Western District of Pennsylvania lawsuit and Defendant's alleged refusal to direct a local office to process Plaintiff's application. (Id. ¶¶ 5-8, 12-15); see Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997) ("[C]ircumstantial evidence of a 'pattern of antagonism' following the protected conduct can also give rise to the inference") (internal citations omitted).

Thus, the Court concludes that Plaintiff has adequately pleaded a First Amendment retaliation claim. Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation and will deny Defendant's motion to dismiss Plaintiff's First Amendment retaliation claim.

**B.  Procedural Due Process**

Defendant also moves to dismiss Plaintiff's procedural due process claim. (Doc. No. 16 at 15-17.) Defendant argues that Plaintiff's allegations are "insufficient" to "establish that Defendant deprived him of any interest protected by the Due Process Clause of the Fourteenth Amendment." (Id. at 15.) Specifically, Defendant contends that Plaintiff's "procedural due process claim must fail" because "Plaintiff does not have a property interest at stake that is protected by the Due Process Clause." (Id. at 16.)

In her Report and Recommendation, Magistrate Judge Schwab first addressed what interest was at issue in Plaintiff's procedural due process claim. (Doc. No. 47 at 13-14 & n.9.) As Magistrate Judge Schwab noted, Plaintiff did not specify in his amended complaint whether his procedural due process claim relates to a liberty interest or a property interest. (Id. at 13.) However, Magistrate Judge Schwab ultimately concluded that Plaintiff's procedural due process claim was premised on a "property interest, namely, a property interest in an EMT license." (Id.) Magistrate Judge Schwab recommends that Defendant's motion to dismiss should be "granted to

8

the extent that" Plaintiff "fails to state a procedural due process claim premised upon an asserted property interest in an EMT license." (Id. at 16, 22.)

Plaintiff objects that Magistrate Judge Schwab "did not address the liberty interest part of [his] procedural due process" claim. (Doc. No. 54 at 3-5.) Plaintiff concedes that his "liberty interest" argument was "not separately alleged in the earlier complaint" and contends that "a non-prejudicial dismissal for a procedural due process claim might be proper, but not a prejudicial one." (See id. at 5, 7.) However, Plaintiff asks for the relief that Magistrate Judge Schwab has given him. The Court reads the Report and Recommendation to recommend that the Court dismiss without prejudice Plaintiff's procedural due process claim based on a liberty interest. (See Doc. No. 47 at 13-14 & n.9.) Thus, Plaintiff may seek leave to file an amended complaint in accordance with Magistrate Judge Schwab, the local rules, and Federal Rule of Civil Procedure 15(a). (See Doc. Nos. 11; 46; 47 at 13-14 n.9.)

Plaintiff also objects that Magistrate Judge Schwab failed to address the procedural due process arguments made in Plaintiff's Third Amended Complaint. (Doc. No. 54 at 3, 6-7.) The Court finds this objection unpersuasive. On September 17, 2014, Magistrate Judge Schwab ordered Plaintiff's second amended complaint to be stricken from the docket. (Doc. No. 11.) On May 7, 2015, Magistrate Judge Schwab denied Plaintiff's motion to file a third amended complaint because Plaintiff failed to comply with Local Rules 7.1 & 15.1. (Doc. No. 46.) Magistrate Judge Schwab also ordered, on May 7, 2015, that Plaintiff "shall not file any further motions to amend until an order is issued on [Defendant's] motion to dismiss." (Id.) Thus, Magistrate Judge Schwab did not fail to reach to reach Plaintiff's Third Amended Complaint. (See Doc. Nos. 11, 46.)

9

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation, and Defendant's motion to dismiss is granted in part and denied in part. An order consistent with this memorandum follows.